1
2
3
4
5
6
7
8             **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   LIBERTY LIFE ASSURANCE COMPANY          CASE NO. 16cv801-LAB (WVG)
     OF BOSTON AND THE HENKELS &
12   MCCOY, INC. LIFE BENEFIT PLAN           **ORDER DENYING WITHOUT**
                                             **PREJUDICE PLAINTIFFS' MOTION**
13                            Plaintiff,     **FOR DEFAULT JUDGMENT**

14          vs.

     ESTATE OF MARTIN QUIHUI-LOPEZ,
15   et al.,

16                            Defendants.

17

18

19          Without first obtaining a hearing date from the undersigned judge's clerk, as required

20   by Civil Local Rule 7.1(b) Plaintiff filed a motion for default judgment against Claudia

21   Veronica Lopez Carranza.  "The requirement that a party obtain a hearing date from the

22   judge's clerk is no empty formality; it is a rule of substantial importance."  *Kashin v. kent*,

23   2007 WL 1975435 at *1 (S.D. Cal., Apr. 26, 2007).  On this basis alone the motion could be

24   rejected.  *Id.*; *see also Kashin v. Kent*, 342 Fed. Appx. 341, 341 (9th Cir. 2009) (application

25   for attorney's fees filed without first obtaining hearing date was "properly rejected").

26          This is not the only problem, however.  The motion identifies itself as unopposed.  But

27   apparently that means it is unopposed by the *other* Defendants; nothing in the motion or

28   attached to it suggests Lopez Carranza has consented to entry of judgment against herself.

1    A third problem concerns service on Lopez Carranza.  First, it is not clear she has

2   been given adequate notice of these proceedings.  Her address does not appear in the

3   docket and she is unrepresented by counsel, so she would not automatically receive a copy

4   of the notice of entry of default or anything else filed in the docket.  But more importantly, it

5   is not clear service of process and service of the motion for default judgment were properly

6   effected.

7    The documents were served on Luis Carrillo Piña, whom Liberty Life asserts is Lopez

8   Carranza's agent for service of process.  Liberty Life has presented a document, in English,

9   notarized by a Mexican notary, saying that Lopez Carranza, a Mexican resident and national,

10  appoints Carrillo Piña as her agent for lawsuits and for several other purposes as well. (*See*

11  Docket no. 6-2.) Lopez Carranza's signature appears directly below her photocopied

12  identification, so it is unclear whether this was intended as her signature affirming her

13  agreement to the instrument of appointment.  And the document's source and authenticity

14  have not been properly attested to. Although an English translation is provided, it isn't clear

15  who translated it or whether the translation has been properly attested to.

16   The document says Lopez Carranza appeared before him and has given Carrillo

17  Piña[1] general power of attorney for lawsuits, as well as for certain other purposes. Lopez

18  Carranza apparently lives in Mexico (*see id*. at 3), which could explain why she gave a U.S.

19  resident general power of attorney.  A further wrinkle is that Carrillo Piña was not served

20  personally; rather, the proof of service says the papers were left with an adult occupant at

21  his address.  (*See* Docket no. 14.)  And although Carrillo Piña was arguably served by

22  leaving a copy of the papers with the house's co-occupant, the follow-up mailing required by

23  § 415.20(b) was attempted by mailing a copy of the papers, not to Carrillo Piña, but to Lopez

24  Carranza at the address where the papers were left.  (*See* Docket no. 14.)  Whether the

25  papers were ever forwarded to her is unclear. And whether all of this suffices under Fed. R.

26  Civ. P. 4 is also unclear.

27  / / /

28

---

[1] The document refers to him as Mr. Luis Manuel Carrillo Piña.

None of the briefing addresses whether this amounts to proper service on Lopez Carranza, and it is not even clear whether Lopez Carranza knows about this action. For these reasons, and because no hearing date for the motion was obtained as required under local rules, the motion is **DENIED WITHOUT PREJUDICE**.

If Liberty Life wishes to renew its motion, it should obtain a hearing date as required by local rule, and should also brief the issue of proper service. In particular, the briefing should address whether the instrument appointing Carrillo as Lopez Carranza's agent is valid under Mexican law (where it was entered into) as well as U.S. law, and why the Court can rely on the English translation. It should address whether Carrillo Piña's status as Lopez Carranza's agent for lawsuits makes him her agent for purpose of service of process. It should explain how Liberty Life knows the address where service was effected is in fact Carrillo Piña's current address. And it should address the question of whether service on an appointed agent may be effected by leaving a copy of the papers with an adult occupant of the agent's house and afterwards mailing the papers as described in this order. *See* Cal. Civ. Proc. Code §§ 415.20, 416.90.

**IT IS SO ORDERED**.

DATED: December 8, 2016

**HONORABLE LARRY ALAN BURNS**
United States District Judge